**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MA CHRISMA GLORIA )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>THE KROGER CO., INDIVIDUALLY AND )<br>D/B/A MARIANO'S; ROUNDY'S )<br>ILLINOIS, LLC, INDIVIDUALLY AND )<br>D/B/A MARIANO'S; CLPF – KSA )<br>GROCERY PORTFOLIO N. SHERIDAN )<br>ROAD, LLC; INDIVIDUALLY AND D/B/A )<br>MARIANO'S; PRESENTLY UNKNOWN )<br>EMPLOYEE OF THE KROGER CO. D/B/A )<br>MARIANO'S; PRESENTLY UNKNOWN )<br>EMPLOYEE OF ROUNDY'S ILLINOIS, )<br>LLC D/B/A MARIANO'S; PRESENTLY )<br>UNKNOWN EMPLOYEE OF CLPF – KSA )<br>GROCERY PORTFOLIO N. SHERIDAN )<br>ROAD, LLC, D/B/A MARIANO'S )<br>)<br>Defendants ) | NO. 1:24-cv-08389 |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, MA CHRISMA GLORIA, by her attorneys HORWITZ, HORWITZ AND ASSOCIATES, LTD., and complaining of the Defendants THE KROGER CO., INDIVIDUALLY AND D/B/A MARIANO'S; ROUNDY'S ILLINOIS, LLC, INDIVIDUALLY AND D/B/A MARIANO'S; CLPF – KSA GROCERY PORTFOLIO N. SHERIDAN ROAD, LLC; INDIVIDUALLY AND D/B/A MARIANO'S; PRESENTLY UNKNOWN EMPLOYEE OF THE KROGER CO. D/B/A MARIANO'S; PRESENTLY UNKNOWN EMPLOYEE OF ROUNDY'S ILLINOIS, LLC D/B/A MARIANO'S; PRESENTLY UNKNOWN EMPLOYEE OF CLPF – KSA GROCERY PORTFOLIO N. SHERIDAN ROAD, LLC, D/B/A MARIANO'S alleges as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. That on or about July 3, 2023, and prior thereto, the Defendant(s) owned, possessed, managed, maintained, constructed, installed and controlled and/or had duty to possess, operate, manage, maintain, construct, install and control, both directly and indirectly, individually and through their agents, servants and employees, certain premises, commonly known as Mariano's, that included a certain floor located at approximately 5201 N Sheridan Rd, in the City of Chicago, County of Cook and State of Illinois.

2. That on or about July 3, 2023, and prior thereto, there was a firm or corporation other than Defendant(s) that owned, possessed, operated, managed, maintained and controlled and/or had a duty to possess, operate, manage, maintain and control, both directly and indirectly, individually and through their agents, servants and employees, certain premises, commonly known as Mariano's, that included a certain floor located at approximately 5201 N Sheridan Rd, in the City of Chicago, County of Cook and State of Illinois.

3. That on or about July 3, 2023, and prior thereto, there Defendant(s) contracted with a firm corporation that owned, possessed, operated, managed, maintained and controlled and/or had a duty to possess, operate, manage, maintain and control, both directly and indirectly, individually and through their agents, servants and employees, certain premises, commonly known as Mariano's, that included a certain floor located at approximately 5201 N Sheridan Rd, in the City of Chicago, County of Cook and State of Illinois.

4. That at aforesaid time and place, Plaintiff Ma Chrisma Gloria was at the certain premises commonly known as Mariano's, located at approximately 5201 N Sheridan Rd, in the city of Chicago, County of Cook and State of Illinois.

5. That at aforesaid time and place, Plaintiff Ma Chrisma Gloria was lawfully present on the premise.

6. That at the aforesaid time and place, liquid unnaturally existed on the aforesaid floor and created an unreasonable risk of harm to persons, including Plaintiff.

7. That at the aforesaid time and place, the Plaintiff slipped on said floor and sustained injuries.

## COUNT I

**NEGLIGENCE - PRESENTLY UNKNOWN EMPLOYEE(S) OF THE KROGER CO. D/B/A MARIANO'S; PRESENTLY UNKNOWN EMPLOYEE(S) OF ROUNDY'S ILLINOIS, LLC D/B/A MARIANO'S; PRESENTLY UNKNOWN EMPLOYEE(S) OF CLPF – KSA GROCERY PORTFOLIO N. SHERIDAN ROAD, LLC D/B/A MARIANO'S**

1.-7. Plaintiff repeats, realleges, and incorporates paragraphs 1 through 7 above as though fully set forth and realleged herein.

8. That the aforesaid Defendant(s) had a duty to exercise reasonable care for the safety of the Plaintiff.

9. That the aforesaid Defendant(s) breached said duty and were then and there guilty of one or more of the following negligent acts and/or omissions:

   a) Placed liquid on the floor in an area where customers were invited to walk;

   b) Placed liquid on the floor in an area where customers were invited to walk without warning customers of the presence of the liquid;

   c) Caused or contributed to cause liquid to accumulate on the floor;

   d) Created an unsafe condition on the floor;

   e) Permitted an unsafe condition on the floor;

   f) Failed to dry the wet floor;

   g) Permitted Plaintiff to enter an area where the floor was known to be slippery;

      h) Created a slippery floor that was unreasonably dangerous;

      i) Failed to provide an alternate route that was not slippery;

      j) Failed to warn of the danger of the wet floor;

      k) Failed to ensure the liquid was cleaned or removed from the floor before allowing customers to access the area of the wet floor;

      l) Failed to ensure that the floor was adequately maintained;

      m) Mopped the floor at a time that was not reasonable;

      n) Failed to have a policy to prevent (a)-(m);

      o) Failed to adequately train employees to prevent (a)-(m);

      p) Failed to properly schedule employees to prevent (a)-(m);

      q) Failed to provide, erect, and/or place adequate sign(s) and/or warning(s) to prevent (a)-(m);

      r) Failed to have an adequate policy to correct, maintain and/or to prevent (a)-(m); and/or

      s) Was otherwise careless or negligent.

10. That at said time and place, Plaintiff was injured.

11. That one or more of the aforesaid acts or omissions constituting legal misconduct of the Defendant(s) was a proximate cause of said occurrence and Plaintiff(s) personal injuries as hereinafter mentioned.

12. That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant(s), the Plaintiff then and there sustained severe and permanent injuries, both internally and externally, and was and will be in the future hindered and prevented in whole or in part from attending to usual duties and affairs, and has lost and in the future will lose, the value of that time, and has suffered a loss of earning capacity, as aforementioned. Further, that the Plaintiff also suffered great pain and anguish both in mind and body, and will in

the future continue to so suffer; the Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff(s) demand judgment against the Defendant(s) in a dollar amount greater than $75,000.00 and to satisfy the jurisdictional limitation of this court, and in such additional amounts as the Court shall deem proper, plus the costs of this action.

## COUNT II

### NEGLIGENCE - THE KROGER CO., INDIVIDUALLY AND D/B/A MARIANO'S; ROUNDY'S ILLINOIS, LLC, INDIVIDUALLY AND D/B/A MARIANO'S; CLPF – KSA GROCERY PORTFOLIO N. SHERIDAN ROAD, LLC; INDIVIDUALLY AND D/B/A MARIANO'S

1-7. Plaintiff repeats, realleges, and incorporates paragraphs 1 through 7 above as though fully set forth and realleged herein.

8. That at all relevant times, Defendant PRESENTLY UNKNOWN EMPLOYEE OF THE KROGER CO., INDIVIDUALLY AND D/B/A MARIANO'S was an agent, servant, and/or employee of the Defendant THE KROGER CO., INDIVIDUALLY AND D/B/A MARIANO'S acting in the course and scope of his/her employment.

9. That at all relevant times, Defendant PRESENTLY UNKNOWN EMPLOYEE OF ROUNDY'S ILLINOIS, LLC, INDIVIDUALLY AND D/B/A MARIANO'S was an agent, servant, and/or employee of the Defendant ROUNDY'S ILLINOIS, LLC, INDIVIDUALLY AND D/B/A MARIANO'S acting in the course and scope of his/her employment.

10. That at all relevant times, Defendant PRESENTLY UNKNOWN EMPLOYEE OF CLPF – KSA GROCERY PORTFOLIO N. SHERIDAN ROAD, LLC; INDIVIDUALLY AND D/B/A MARIANO'S was an agent, servant, and/or employee of the Defendant CLPF –

KSA GROCERY PORTFOLIO N. SHERIDAN ROAD, LLC; INDIVIDUALLY AND D/B/A MARIANO'S acting in the course and scope of his/her employment.

11. That at all relevant times Defendant(s) employed management and supervisory personnel to oversee the tasks of the person(s) identified herein as "Presently unknown employee".

12. That the aforesaid Defendant(s) had a duty to exercise reasonable care for the safety of the Plaintiff.

13. That the aforesaid Defendant(s) breached said duty and were then and there guilty of one or more of the following negligent acts and/or omissions:

a) Placed liquid on the floor in an area where customers were invited to walk;

b) Placed liquid on the floor in an area where customers were invited to walk without warning customers of the presence of the liquid;

c) Caused or contributed to cause liquid to accumulate on the floor;

d) Created an unsafe condition on the floor;

e) Permitted an unsafe condition on the floor;

f) Failed to dry the wet floor;

g) Permitted Plaintiff to enter an area where the floor was known to be slippery;

h) Created a slippery floor that was unreasonably dangerous;

i) Failed to provide an alternate route that was not slippery;

j) Failed to warn of the danger of the wet floor;

k) Failed to ensure the liquid was cleaned or removed from the floor before allowing customers to access the area of the wet floor;

l) Failed to ensure that the floor was adequately maintained;

m) Mopped the floor at a time that was not reasonable;

n) Failed to have a policy or adequate policy to prevent (a)-(m);

o) Failed to train or adequately train to prevent (a)-(m);

p) Failed to supervise or properly supervise to prevent (a)-(m);

q) Failed to properly schedule mopping to prevent (a)-(m);

r) Failed to provide, erect, and/or place adequate sign(s) and/or warning(s) to prevent (a)-(m);

s) Failed to have an adequate policy to correct, maintain and/or to prevent (a)-(m).

14. That at said time and place, Plaintiff was injured.

15. That one or more of the aforesaid acts or omissions constituting legal misconduct of the Defendant(s) was a proximate cause of said occurrence and Plaintiff(s) personal injuries as hereinafter mentioned.

16. That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant(s), the Plaintiff then and there sustained severe and permanent injuries, both internally and externally, and was and will be in the future hindered and prevented in whole or in part from attending to usual duties and affairs, and has lost and in the future will lose, the value of that time, and has suffered a loss of earning capacity, as aforementioned. Further, that the Plaintiff also suffered great pain and anguish both in mind and body, and will in the future continue to so suffer; the Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff(s) demand judgment against the Defendant(s) in a dollar amount greater than $75,000.00 and to satisfy the jurisdictional limitation of this court, and in such additional amounts as the Court shall deem proper, plus the costs of this action.

## COUNT III

### NEGLIGENCE - PREMISES LIABILITY - THE KROGER CO., INDIVIDUALLY AND D/B/A MARIANO'S; ROUNDY'S ILLINOIS, LLC, INDIVIDUALLY AND D/B/A MARIANO'S; CLPF – KSA GROCERY PORTFOLIO N. SHERIDAN ROAD, LLC; INDIVIDUALLY AND D/B/A MARIANO'S

1.-7. Plaintiff repeats, realleges, and incorporates paragraphs 1 through 7 above as though fully set forth and realleged herein.

8. That the Defendant(s) knew or in the exercise of ordinary care should have known of condition of the floor and the risk of said condition of the floor including the aforementioned liquid on the floor.

9. That the Defendant(s) could reasonably expect that persons on the property, including Plaintiff, would not discover or realize the danger, or would fail to protect themselves against such danger.

10. Alternatively, that the Defendant(s) could reasonably expect that a reasonable person, knowing of the condition, would proceed to encounter it because the advantage of doing so outweighs the apparent risk.

11. That the aforesaid Defendant(s) had a duty to exercise reasonable care in the ownership, operation, maintenance, management, and control of said premises.

12. Further, that the Defendant(s) had a duty to exercise ordinary care to see that the premises was reasonably safe for the use of those lawfully on the premises, including Plaintiff.

13. Moreover, that the aforesaid Defendant(s) had a duty to protect the Plaintiff against an unreasonable risk of harm.

14. That the aforesaid Defendant(s) was then and there guilty of one or more of the following acts and/or omissions:

    a. Placed and/or permitted and/or allowed liquid on the floor;

 b. Caused or contributed to causing liquid to accumulate on the floor;

 c. Created an unsafe condition on the floor;

 d. Permitted an unsafe condition on the floor;

 e. Created a slippery floor that was unreasonable;

 f. Failed to provide an alternate route that was not slippery;

 g. Failed to warn of the danger of the wet floor;

 h. Failed to properly dry the floor prior to use

 i. Failed to ensure the liquid was cleaned or removed from the floor;

 j. Failed to ensure that the floor was adequately maintained;

 k. Mopped the floor at a time that was not reasonable;

 l. Failed to have a policy to prevent (a)-(k);

 m. Failed to adequately train employees to prevent (a)-(k);

 n. Failed to properly schedule employees to prevent (a)-(k);

 o. Failed to provide, erect, and/or place adequate sign(s) and/or warning(s) to prevent (a)-(k);

 p. Failed to have an adequate policy to correct, maintain and/or to prevent (a)-(k); and/or

 q. Installed a floor that was slippery when wet in an area known to get wet when invitees were upon it;

 r. Possessed a floor that was slippery when wet in an area known to get wet when invitees were upon it;

 s. Installed, possessed or maintained a floor that it knew was slippery when wet in an area known to get wet when invitees were upon it and without warning customer's of the dangerous condition.

15.  That at said time and place, Plaintiff was injured due to the condition of aforesaid wet floor.

16. That one or more of the aforesaid acts or omissions constituting legal misconduct of the Defendant(s) was a proximate cause of said occurrence and Plaintiff(s) personal injuries as hereinafter mentioned.

17. That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant(s), the Plaintiff then and there sustained severe and permanent injuries, both internally and externally, and was and will be in the future hindered and prevented in whole or in part from attending to usual duties and affairs, and has lost and in the future will lose, the value of that time, and has suffered a loss of earning capacity, as aforementioned. Further, that the Plaintiff also suffered great pain and anguish both in mind and body, and will in the future continue to so suffer; the Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff(s) demand judgment against the Defendant(s) in a dollar amount greater than $75,000.00 and to satisfy the jurisdictional limitation of this court, and in such additional amounts as the Court shall deem proper, plus the costs of this action.

/s/Michael T. Wierzbicki
_____
Michael T. Wierzbicki
**Horwitz, Horwitz, and Associates, LTD.**
25 E. Washington, Suite 900
Chicago, IL  60602
Office: (312) 372-8822
email:  clmail@horwitzlaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MA CHRISMA GLORIA )<br>)<br>             Plaintiff )<br>)<br>v. )<br>)<br>THE KROGER CO., INDIVIDUALLY AND )<br>D/B/A MARIANO'S; ROUNDY'S )<br>ILLINOIS, LLC, INDIVIDUALLY AND )<br>D/B/A MARIANO'S; CLPF – KSA )<br>GROCERY PORTFOLIO N. SHERIDAN )<br>ROAD, LLC; INDIVIDUALLY AND D/B/A )<br>MARIANO'S; PRESENTLY UNKNOWN )<br>EMPLOYEE OF THE KROGER CO. D/B/A )<br>MARIANO'S; PRESENTLY UNKNOWN )<br>EMPLOYEE OF ROUNDY'S ILLINOIS, )<br>LLC D/B/A MARIANO'S; PRESENTLY )<br>UNKNOWN EMPLOYEE OF CLPF – KSA )<br>GROCERY PORTFOLIO N. SHERIDAN )<br>ROAD, LLC, D/B/A MARIANO'S )<br>)<br>             Defendants ) | NO. 1:24-cv-08389 |

## **JURY DEMAND**

The undersigned demands a 12-person jury trial.


                                        /s/Michael T. Wierzbicki
                                        _____
                                        Michael T. Wierzbicki
                                        **Horwitz, Horwitz, and Associates, LTD.**
                                        25 E. Washington, Suite 900
                                        Chicago, IL  60602
                                        Office: (312) 372-8822